UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTINA THOGODE,

                Plaintiff,

          -v-                              3:14-CV-1051
                                              (DNH/TWD)

CAROLYN W. COLVIN, as Acting
Commissioner Of Social Security,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                OF COUNSEL:

LACHMAN & GROTON                  PETER A. GORTON, ESQ.
Attorney for Plaintiff
1500 E. Main Street
P.O. Box 89
Endicott, NY 13761-0089

HON. RICHARD S. HARTUNIAN        MONIKA K. CRAWFORD, ESQ.
United States Attorney for the          REBECCA H. ESTELLE, ESQ.
  Northern District of New York
Room 218
James T. Foley Courthouse
Albany, NY 12207

OFFICE OF GENERAL COUNSEL         STEPHEN P. CONTE, ESQ.
Social Security Administration
Region II
Attorney for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

DAVID N. HURD
United States District Judge

## DECISION and ORDER

Plaintiff Christina Thogode filed this action seeking judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits and supplemental security income under the Social Security Act. By Report-Recommendation dated August 6, 2015, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, recommended that the Commissioner's decision denying plaintiff benefits be affirmed and that defendant's motion for judgment on the pleadings be granted. Plaintiff filed timely objections to the Report-Recommendation.

In her objections, plaintiff argue that the Magistrate Judge applied an incorrect legal standard to determine whether the plaintiff had a "severe" second condition necessary to meet the requirements of the listings found in 20 C.F.R. Pt. 404, Subpt. P., App. 1, 12.05(c) ("Listing 12.05(c)"). Id. at 1. Plaintiff argues that a condition should be considered "severe" if it creates any functional impairment to working and is, in effect, a de minimus standard. Id. Plaintiff further states that her back impairment meets such a de minimus standard. Id.

Listing 12.05(c) is met if the claimant is intellectually disabled with an I.Q. of 60-70 and has "a physical or other mental impairment imposing an additional and significant work related limitation of function". "In determining whether an additional impairment imposes a 'significant' work-related limitation, the standard is whether the additional impairment satisfies the severity test." Baneky v. Apfel, 997 F. Supp. 543, 547 (S.D.N.Y. 1998) (citing 20 C.F.R. 404.1520(c)). Contrary to plaintiff's assertion that the definition of "severe" for purposes of Listing 12.05(c) should be de minimus, courts in the Second Circuit have found that the evaluation of whether an impairment is "severe" pursuant to Listing 12.05(c) is the same as the test performed pursuant to the second step evaluation process under 20 C.F.R. 416.920,

i.e., whether the impairment significantly limits the applicant's physical or mental ability to do basic work activities. See Sejersen v. Astrue, 2013 WL 528375, at *8 (N.D.N.Y. Jan. 18, 2013) (M.J. Bianchini); Aviles v. Barnhart, 2004 WL 1146055, at *7 (E.D.N.Y. May 11, 2014); Beneky v. Apfel, 997 F. Supp. 543 (S.D.N.Y. 1998). Velezquez v. Chater, 1996 WL 107109, at *2 (W.D.N.Y. March 6, 1996) ("While it is true that a significant work-related impairment need not be disabling in and of itself, it must be more than slight or minimal." (citations omitted)).

Here, the Administrative Law Judge found that the plaintiff's back impairment was not a significant work related limitation to satisfy the second clause of Listing 12.05(c). See Transcript, at 21.[1] This determination was based upon the ALJ's finding that plaintiff's back impairment did not constitute a severe impairment under the step two analysis pursuant to 20 C.F.R. 416.920. Id. at 15-20. The Magistrate Judge found that such a conclusion was supported by substantial evidence. See Report-Recommendation, at 6-7. A review of the record indicates that this conclusion is correct for the reasons stated in the Report-Recommendation.

Based upon a de novo determination of the portion of the Report-Recommendation to which defendant objected, the Report-Recommendation is accepted and adopted in all respects. See 28 U.S.C. § 636(b)(1).

Therefore, it is

ORDERED that

(1) the Commissioner's decision is **AFFIRMED**;

---

[1]Pagination reflects the documents contained on the CM/ECF system.

(2) defendant's motion for judgment on the pleadings is **GRANTED**; and

(3) the Complaint is **DISMISSED**.

The Clerk of the Court shall enter judgment and close the case.

IT IS SO ORDERED.

United States District Judge

Dated: September 2, 2015
Utica, New York